T.C. Memo. 1996-217


UNITED STATES TAX COURT


DAN S. AND NANCY J. MITCHELL, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 19785-94.                          Filed May 6, 1996.


Dan S. Mitchell and Nancy J. Mitchell, pro se.

<u>Bruce W. Wilpon</u>, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION

COHEN, <u>Judge</u>:  Respondent determined deficiencies of $1,435 and $8,883 in petitioners' Federal income taxes for 1990 and 1991, respectively.  Respondent also determined accuracy-related penalties of $287 and $1,777 under section 6662(a) for those years.  Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue, and

all Rule references are to the Tax Court Rules of Practice and Procedure. After concessions, the issues remaining for decision are whether petitioners are entitled to deduct losses from farming claimed on amended returns for the years in issue; whether mortgage interest and property taxes paid by petitioners are properly deducted on Schedule A or on Schedule F of their returns; whether petitioners are entitled to deduct a net operating loss carryforward from 1989; whether petitioners are entitled to depreciation expense and legal expense deductions on Schedule C; whether petitioners can change from the cash to the accrual method of accounting on their Schedules C and F where respondent's permission was neither sought nor secured; and whether petitioners are liable for the penalties for negligence.

FINDINGS OF FACT

Some of the facts have been stipulated, and the stipulated facts are incorporated in our findings by this reference. Petitioners resided in Boerne, Texas, at the time that they filed their petition.

Petitioner Dan S. Mitchell (Mr. Mitchell) is a certified public accountant who operates a sole proprietorship known as Mitchell & Associates. Petitioner Nancy J. Mitchell (Mrs. Mitchell) is a secretary with an accounting firm.

On November 24, 1986, petitioners purchased a 113.205-acre rural property in Kendall County, Texas (the real property), which includes a residence. Since its purchase, petitioners have

maintained the residence as their homestead. Petitioners financed the purchase of the real property with a bank loan in the amount of $299,000. On their 1990 and 1991 Forms 1040, U.S. Individual Income Tax Returns, petitioners claimed Schedule A mortgage interest deductions of $32,450 and $34,636, respectively, for interest paid on the real property loan. The correct amounts of interest paid on the real property loan were $5,000 for 1990 and $28,067 for 1991. On their 1990 and 1991 Forms 1040, petitioners claimed Schedule A real property tax deductions of $2,500 and $2,056, respectively, for taxes paid on the real property. The correct amounts of real property taxes paid were $2,377 for 1990 and $232 for 1991.

During 1990, Mr. Mitchell had a business loan with Groos Bank. On Schedule C to their Form 1040 for 1990, petitioners claimed interest expense of $9,600 in relation to the Groos Bank loan. The correct amount of interest expense for 1990 on this loan was $1,399.

On June 1, 1990, petitioners filed a voluntary chapter 11 petition in bankruptcy. No tax returns were ever filed for the bankruptcy estate. In a Second Amended Disclosure Statement filed in the bankruptcy proceeding February 1, 1991, petitioners represented that the filing of the bankruptcy petition was required by the scheduled foreclosure sale on their real property. They also asserted the following:

Mr. Mitchell was raised on a farm in Dallas County, Texas, close to Lancaster, Texas, where his family grew wheat, cotton, corn and alfalfa, which is a hay crop similar to Coastal Bermuda, and raised dairy and beef cattle. The Mitchells live on 113.205 acres of land in Boerne, Texas, which they purchased in 1986 to begin farming operations. Although Mr. Mitchell had not been an active farmer for 35 years, he believes he has and can make a profit at farming operations. Mr. Mitchell planted Coastal Bermuda in 1990 on 97 acres and expects to generate from this crop cash flow of $17,640.00 a month during April to September and a profit of $52,380.00 a year, although a profit was not made in 1990. A market exists for Coastal Bermuda for horses and cattle in the hill country area which has been enhanced by the race tracks now in operation in Fredericksburg, twenty-two miles from the Mitchells' home and in Bandera, fifteen miles from the Mitchells. The Mitchells plan to plant oats or wheat over the Coastal Bermuda in winter and graze the cattle on the oats rather than buying feed, thus saving $10,000.00 a year in fee [sic] bills. The Mitchells are attempting to obtain a FMHA loan to purchase 100 head of cattle and operating expenses for hay/Coastal Bermuda production, including drilling a well and installing an irrigation system for the Coastal Bermuda acreage. Mr. Mitchell expects to make a yearly profit of $16,400.00 from the cattle. If the [sic] the loan is not obtained, Mr. Mitchell believes he will still be able to meet the expenses, buy the cattle and make the projected profit.

As of the date of the statement, however, no farming operation had commenced. On schedules filed in the bankruptcy proceeding, petitioners stated that they owned no farm animals, farm supplies, or farm equipment. Operating statements filed with the bankruptcy court showed no cash receipts or cash disbursements for any farming activity. The bankruptcy proceeding was closed by final decree filed July 13, 1992.

Petitioners' Forms 1040 for 1989, 1990, and 1991 were prepared using the cash basis method of accounting. Prior to December 1993, an examination of petitioners' returns was commenced by the Internal Revenue Service. In December 1993, petitioners filed a Form 1040X, Amended U.S. Individual Income Tax Return, for 1990. In September 1994, petitioners filed a Form 1040X for 1989 and a second Form 1040X for 1990. The statutory notice of deficiency for 1990 and 1991 was sent to petitioners on September 29, 1994. In December 1994, petitioners filed a third Form 1040X for 1990 and a Form 1040X for 1991. On each of the amended Forms 1040X, petitioners claimed farm losses on Schedule F and recharacterized the interest and tax expenses claimed on Schedule A as farm loss expenses, claimed the standard deduction instead of itemized deductions on Schedule A, and purportedly changed from cash to accrual accounting for farm operations allegedly begun in 1989. They claimed depreciation of unidentified farm equipment in the amount of $3,000 on the amended returns for 1990 and 1991. They then claimed a net operating loss carried forward from 1989 to 1990 and 1991.

During the course of the bankruptcy proceeding, petitioners returned to the vendors certain office equipment that had been possessed by Mitchell & Associates pursuant to lease/purchase agreements. Rent and lease expense deductions for office equipment of Mitchell & Associates were claimed on Schedules C for 1990 and 1991 in the amounts of $7,800 and $5,600,

respectively. On the amended returns, petitioners claimed depreciation for the equipment that was returned to the lessor/vendors.

## OPINION

Petitioners contend that they are entitled to additional deductions and losses not claimed on their returns as originally filed. They assert that, after conceding that amounts of unreported income determined in the statutory notice were erroneous, respondent sought ways to deny them deductions that they erroneously did not claim on their original returns, in order to sustain some deficiency in tax for each year. According to respondent, the amounts now in dispute approximate $1,150 for 1990 and $200 for 1991.

Petitioners' accusations against respondent's agents have no persuasive effect in this case. See Greenberg's Express, Inc. v. Commissioner, 62 T.C. 324 (1974). The only remaining issues are whether petitioners are entitled to the additional deductions that they now claim and whether they are liable for the penalties for negligence. They have the burden of proof on these factual issues. Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); Rockwell v. Commissioner, 512 F.2d 882 (9th Cir. 1975), affg. T.C. Memo. 1972-133. Unless petitioners substantiate their deductions, we do not reach legal issues raised by respondent, to wit, whether any farm losses would belong to the bankruptcy estate and not be deductible on

petitioners' personal tax returns and whether petitioners could change their method of accounting without permission.

Mr. Mitchell testified at trial. Mrs. Mitchell failed to appear, and no witnesses corroborated Mr. Mitchell's assertions concerning his alleged farm activity. Although a few receipts were produced, the purpose of the expenditures is not apparent from the face of the receipts and was not specifically or adequately explained by Mr. Mitchell. His testimony consisted almost exclusively of attacking respondent's agents and arguing that he was engaged in farm activity. Mr. Mitchell stated that "we feel that the fact that we live there, that we care for the farm every day is substantiation enough." His uncorroborated testimony was vague and conclusory and, particularly in view of the belatedness of the claims, is not persuasive.

Petitioners have not proven that they have any depreciable basis in any equipment. Respondent suspects that petitioners are now claiming depreciation deductions on the same equipment for which lease payments were previously deducted. The only references in the record pertaining to business equipment relate to lease/purchase agreements, and respondent's suspicion that petitioners have already deducted the lease payments on the same equipment is not, as petitioners' contend, "a ludicrous statement". Although Mr. Mitchell denies that the equipment depreciated is the same as that for which deductions were already taken, he has not presented any evidence substantiating either

the purchase of the equipment on which depreciation is claimed or the lease of different equipment.

Respondent concedes that petitioners paid $3,000 to their bankruptcy attorney but contends that the amount is a personal expense because the purpose of the proceeding was to prevent foreclosure on petitioners' homestead. Petitioners have given us no basis for concluding that the bankruptcy attorney's fee was an ordinary and necessary business expense or for allocating the fee between personal services and business services. See United States v. Collins, 26 F.3d 116 (11th Cir. 1994); Dowd v. Commissioner, 68 T.C. 294, 303-304 (1977).

With respect to the penalties for negligence, the parties stipulated that the interest deducted on petitioners' returns for the years in issue exceeded substantially the amounts that they were entitled to deduct. Although Mr. Mitchell asserted that he relied on Forms 1098 received from banks, his testimony is uncorroborated and not persuasive. As a certified public accountant, he should have maintained accurate records of his interest payments and deducted only the amounts actually paid. Petitioners have failed to prove that the recomputed underpayments are not due to negligence, and recomputed penalties under section 6662(a) will be sustained.

To take account of the concessions by the parties,

Decision will be entered

under Rule 155.